**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Anthony Domenic Reo,** | ) |
| | ) **Case No:** |
| **Plaintiff,** | ) |
| | ) **Judge:** |
| | ) |
| **v.** | ) |
| | ) |
| **Northcoast Warranty Services, Inc.** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Northcoast Warranty Services, Inc. ("Defendant"), through undersigned counsel, hereby removes the above-captioned action from the Painesville Municipal Court, Lake County, Ohio, to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Removal is proper because this Court has original jurisdiction over claims arising under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*  In further support of this Notice of Removal, Defendant states as follows:

1.  On June 11, 2018, Plaintiff commenced this action by filing a Complaint ("Complaint") in Painesville Municipal Court, Lake County, Ohio, bearing Case Number CVF1801039.

2.  As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## I.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Northcoast Warranty Services, Inc. was formally served with process on June 18, 2018.

4.      Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

5.      Painesville Municipal Court, Lake County, Ohio, is located within the Northern District of Ohio.  28 U.S.C. § 115(a)(1).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending."  28 U.S.C. § 1441(a).

6.      This case is being removed from Painesville Municipal Court, Lake County, Ohio, and this Notice of Removal has been filed with the record office of the clerk of the court in that Court.

7.      No previous application has been made for the relief requested by this Notice.

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, including the Complaint and Summons, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for Painesville Municipal Court, in Lake County, Ohio.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION.

9.      Plaintiff's First Cause of Action is a state law claim brought under the the Consumer Sales Practices Act ("CSPA"), R.C. § 1345.02, but is predicated on alleged violations

of federal law – namely, violations of the DPPA, 18 U.S.C. § 2721.  (*See* Pl.'s Compl., at ¶¶ 13, 15–23)

10.     Plaintiff's Second Cause of Action is based solely upon violations of federal law, namely, violations of the DPPA, 18 U.S.C. § 2721.[1] (*See id.*, at ¶¶ 24–30).

11.     As a result, removal is proper under 28 U.S.C. § 1441(b), which provides that a defendant may remove any civil action filed in a state court of which this Court has "original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States. . . ."

12.     This action is not one of the types of actions described in 28 U.S.C. § 1445.

## III.     THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS THAT DO NOT ARISE UNDER FEDERAL LAW.

13.     Although Plaintiff's First Cause of Action invokes state law, it is amenable to the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a).  The Court has original jurisdiction of the DPPA cause of action.  That federal claim is related to the remaining claims in the case in such a manner that they form "part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

14.     The Court, therefore, may exercise jurisdiction over all claims in the Complaint.

15.     Defendant reserves all defenses, including but not limited to, all defenses specified in Rule 12 of the Federal Rules of Civil Procedure.

---

[1] *See Fontanez v. Skepple,* No. 12-CIV-1582 (ER), 2013 WL 842600, at *1 (S.D.N.Y. Mar. 6, 2013) (stating "Jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331. . . . over claims arising under the DPPA"); *see also Cantu v. TitleMax, Inc.*, No. 5:14-CV-628 RP, 2015 WL 5944258, at *5 (W.D. Tex. Oct. 9, 2015) (finding that federal law governed because the claim "asserted by Plaintiffs is a violation of the federal DPPA statute.")

16.     Pursuant to 28 U.S.C. § 1441 and other applicable statutes, all of which Defendants have complied with, this cause of action is removable to the United States District Court for the Northern District of Ohio.

WHEREFORE, Defendant Northcoast Warranty Services, Inc. respectfully removes this action from the Painesville Municipal Court, Lake County, Ohio, bearing Case Number CVF1801039, to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,


/s/ *Gregory C. Djordjevic*
David D. Yeagley (0042433)
Gregory C. Djordjevic (0095943)
Ulmer & Berne LLP
1660 West 2nd Street
Suite 1100
Cleveland, Ohio 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
dyeagley@ulmer.com
gdjordjevic@ulmer.com

*Attorneys for Defendant Northcoast Warranty Services, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was filed electronically via CM/ECF, and further that a copy of the foregoing was placed in the United States mail, postage prepaid, and emailed this 2nd day of July, 2018 on the following:

Bryan Anthony Reo
P.O. Box 5100
Mentor, Ohio 44061
Reo@reolaw.org


/s/ *Gregory C. Djordjevic*
*One of the Attorneys for Defendants*

# EXHIBIT A

**PAINESVILLE MUNICIPAL COURT**

7 Richmond St., Box 601
Painesville, Ohio 44077

# SUMMONS IN CIVIL ACTION
(Rules 4 and 9)
\* \* \* \* \* \* \* \* \* \* \*

CASE NO: CVF 1801039

Reo, Anthony Domenic                            )
                                                )
                                                )  Lake County
                                                )
            Plaintiff(s)                        )  Ohio
        -vs-                                    )
                                                )
Northcoast Warranty Servi                       )
                                                )
251 Little Falls Drive                          )
Wilmington, De 19808                            )
            Defendant(s)                        )

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TO THE ABOVE-NAMED DEFENDANT(S):**

    You have been named defendant in a complaint filed in the
Painesville Municipal Court by above-named Plaintiff(s).  A copy
of the complaint is attached hereto.

    You are hereby summoned and required to serve upon the
Plaintiff's attorney, or upon the Plaintiff if he has no attorney
of record, a copy of your answer to this complaint within twenty-
eight (28) days after the service of this summons upon you, exclu-
sive of the date of service.  **Your answer must also be filed with
this Court within 28 days after service of this summons upon you.**

    If you fail to appear and defend, judgment by default will be
rendered against you for the relief demanded in the complaint.


Plaintiff(s) Attorney:                  PAINESVILLE MUNICIPAL COURT
                                        Nicholas Cindric
Bryan Anthony Reo                       Clerk of Court
P. O. Box 5100
Mentor, Oh  44060


Date Issued:  Jun 12, 2018          By: Amanda
                                        Deputy Clerk

**STATE OF OHIO**
**IN THE PAINESVILLE MUNICIPAL COURT**
**CIVIL DIVISION**

PAINESVILLE
MUNICIPAL COURT

2018 JUN I I P 1: 18

NICHOLAS CINDRIC
CLERK OF COURT

| | |
|---|---|
| **ANTHONY DOMENIC REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**NORTHCOAST WARRANTY SERVICES**<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>　　　　　Defendant. | Case No.<br><br>Hon. |

**REO LAW, LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
　　*Attorney for Anthony Domenic Reo*

## PLAINTIFF'S COMPLAINT

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propounds upon Northcoast Warranty Services (Defendant) and this Honorable Court Plaintiff's Complaint:

### I. INTRODUCTION

1.  Plaintiff sues Defendant for statutory violations of the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("OCSPA") and the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq* ("DPPA")

1

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a corporate entity existing by and through the laws of the State of Delaware, with their primary corporate office in the state Ohio, which does business in the State of Ohio, maintaining a registered agent in the state of Ohio.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of R.C. § 2305.01; 18 U.S.C. § 2721.

5. This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an in the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

2

7.  Plaintiff maintains at all times relevant to this Complaint a residence in the state of Ohio with an Ohio phone number at which Defendant directed its solicitation efforts.

8.  Defendant made several unsolicited solicitations in 2016 and 2017 based upon Plaintiff's vehicle driver's records.

9.  Sometime prior to the phone calls, upon information and belief, on or around October 2016, Defendant obtained Plaintiff's driver's vehicle information.

10. Plaintiff has never had any dealings with Defendant and Plaintiff has never provided information on his vehicle to Defendant or any third party entities.

11. Upon information and belief, Defendant, a non-governmental entity, a private for-profit corporation, obtained Plaintiff's personal information and vehicle information for the purpose of commercial solicitation.

12. Defendant obtained [and possibly shared] and on two occasions used Plaintiff's driver's vehicle information when engaging in telephone solicitations.

13. Upon information and belief Defendant improperly obtained vehicle records relevant to Plaintiff's vehicle as they knew the make, model, year, and approximate mileage on Plaintiff's vehicle. These records are not to be obtained improperly, obtained for improper purposes, or used for improper purposes. Commercial solicitation attempts are considered an improper purpose and there is no legal provision in the relevant statute for such use. Such conduct by Defendant would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1). Regardless of how Defendant obtained the records, even if they were potentially obtained in a proper manner, they were used for an improper purpose.

3

14. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V.  CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE CSPA

15. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

16. Defendant is a "person" as defined by R.C. § 1345.01(B).

17. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

18. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

19. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via written solicitation offers to purchase goods or services as detailed within this Complaint.

20. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the DPPA. Each violation of the DPPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

21. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA.  R.C. § 1345.09(B).

22. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action.  R.C. § 1345.09(F).

4

23. Defendant committed three (3) violations of Count I of Plaintiff's Complaint. Defendant violated the CSPA three times by violating the DPPA, one time by violating the DPPA by obtaining the Plaintiff's personal and vehicle information for an improper purpose and then two times by using the information for an improper purpose. Plaintiff is statutorily entitled to $200.00 [two hundred dollars] for each CSPA violation and may seek up to $5,000 [five thousand dollars] in non-economic damages.

## COUNT II
## STATUTORY VIOLATIONS OF THE DPPA

24. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

25. The DPPA is a federal statute that was enacted to protect the personal information and vehicle information of citizens from invasion of privacy and improper obtaining or use of that information by third parties for improper purposes, including but not limited to commercial solicitation

26. Defendant knew the year, make, model, and approximate mileage of Plaintiff's vehicle without Plaintiff having informed the Defendant. Defendant also knew the names of the individuals on the title of the vehicle.

27. Defendant violated the DPPA when it obtained Plaintiff's information.

28. Defendant violated the DPPA by using the information in two telephone solicitation calls.

29. Upon information and belief Defendant obtained vehicle registration and personal information about Plaintiff's vehicle and Plaintiff for improper purposes. Such conduct by Defendant would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to

5

liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1) for each violation of the DPPA.

30. Defendant violated the DPPA three (3) times, once by obtaining the information improperly and twice by using it improperly.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

31. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed fifteen thousand dollars ($15,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

32. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

6

PAINESVILLE MUNICIPAL COURT
7 RICHMOND STREET
PO BOX 601
PAINESVILLE OH 44077-0601



**CERTIFIED MAIL**



9214 7900 1690 0100 1386 32





U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 44077  $ 006.88
02 4W
0000355599 JUN. 13. 2018

CVF   1801039        SUM

NORTHCOAST WARRANTY SERVICES
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

19808$1674 C073